UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-14184-BLOOM

KEVIN LAMONT HAMITLON,

    Plaintiff,

v.

TONY ARDON, *et al.*,

    Defendants.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a review of *pro se* Plaintiff Kevin Lamont Hamilton's ("Plaintiff") Complaint, ECF No. [1]. Because Plaintiff is a prisoner who seeks relief against government employees, the screening provisions of 28 U.S.C. § 1915A apply. Under the statute, courts are permitted to dismiss a complaint that is "(1) frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Moreover, "a district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (citations omitted). This includes the inherent power to dismiss a case. *See id*. And it includes the power to dismiss a case *sua sponte* when the plaintiff fails to comply with procedural rules. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing Fed. R. Civ. P. 41(b)); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48–49 (1991)).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007); *see Iqbal*, 556 U.S. at 678 (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Plaintiff's Complaint names three Defendants: Detectives Tony Ardon and Tyler Ludlow of the Martin County Sheriff's Office, and William D. Snyder, the Martin County Sheriff. ECF No. [1] at 1. Plaintiff seeks damages from each Defendant in his individual capacity for "false arrest/unlawful arrest." *Id*. at 3. In the "II. Statement of Claim" section of the Complaint form, Plaintiff states as follows:

> On January 13, 2023 at approx. 1430 Det. Ardon and Det. Ludlow made contact with a confidential informant. The confidential information "stated" he/or she knows a male by the name of "Kevin." The "facts" are Det. Ardon and the [sic] Det. Ludlow a year later and the plaintiff Mr. Hamilton was unlawful [sic] arrested for something he was not involved in the [sic] will show there was a false imprisonment and a [sic] unlawful police misceptive [sic] misconduct has taken place with no evidence they say they had video/recording but it shows it's not Mr. Hamilton.

*Id*. at 3-4.

Those allegations are conclusory and devoid of factual detail to state a plausible claim for false arrest or any other cause of action under section 1983. To state a claim for false arrest, a plaintiff must allege that he was arrested without a warrant or probable cause. *Kingsland v. City of*

2

*Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004). Probable cause exists when the facts and circumstances would lead a prudent person to believe that an individual has violated the law, is violating the law, or will violate the law. *Id*. Whether an officer possesses probable cause depends on the elements of the alleged offense and the operative fact pattern. *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 735 (11th Cir. 2010).

Plaintiff's bare, conclusory allegations do not demonstrate that he was arrested without a warrant or probable cause. He does not allege the crime for which he was arrested, the circumstances surrounding his arrest, or the facts the officers possessed at the time they arrested him. Plaintiff merely alleges that he was identified by a confidential informant and that the detectives arrested him "with no evidence" because he is not the person pictured on a video. ECF No. [1] at 4. Those allegations are insufficient to state a plausible claim for false arrest. *See Hesed-El v. McCord*, 829 F. App'x 469, 472 (11th Cir. 2020) (affirming dismissal of a false arrest claim where the plaintiff's "conclusory assertion that [the officer] acted without probable cause [was] devoid of any facts giving rise to a 'plausible suggestion' of . . . false arrest"); *Watkins v. Chase*, No. 21-CV-01090, 2021 WL 6064820, at *2 (M.D. Fla. Dec. 22, 2021) ("Plaintiff fails to allege a plausible false arrest claim because he . . . merely espouses buzzwords, saying the officers 'illegally searched, seized, and arrested him without a warrant or probable cause.").

The Court will not grant Plaintiff leave to file an amended complaint. The Court notes that even if Plaintiff were to amend his Complaint, this matter would be stayed under *Younger v. Harris*, 401 U.S. 37 (1971), because the allegations—though conclusory—clearly involve issues that will be resolved in Plaintiff's pending state criminal case. *See id*. at 44–45 (holding that courts must abstain from interfering in ongoing state-court proceedings). The Court takes judicial notice that Plaintiff has pending charges for the sale of controlled substances in Case No. 24-CF-87-A in

3

Case No. 24-cv-14184-BLOOM

the Nineteenth Judicial Circuit in and for Martin County, Florida.[1] According to the arrest affidavit in that case, on January 13, 2023, detectives Ardon and Ludlow of the Martin County Sheriff's Office engaged a confidential informant to make a controlled purchase of narcotics from Plaintiff and captured the transaction on video. *See State v. Hamilton*, No. 24-CF-87-A, Docket No. 5, (Fla. 19th Cir. Ct. Jan. 18, 2024). Those are the precise facts that Plaintiff references in his Complaint. Thus, the issues raised by Plaintiff's Complaint—whether he is the person depicted on the video or whether he was falsely arrested—will necessarily be resolved by Plaintiff's criminal case. *See Boyd v. Georgia*, 512 F. App'x 915, 918 (11th Cir. 2013) (holding that where a plaintiff "seeks, among other things, a finding that his constitutional rights were violated during [his arrest]," and "a finding that [the arrest] was unconstitutional would interfere with the state court's adjudication of the validity of [the plaintiff's charges]," the federal complaint is barred by *Younger*).

Although courts typically stay, rather than dismiss, claims for damages that are barred by *Younger*, *see Watson v. Fla. Jud. Qualifications Comm'n*, 618 F. App'x 487, 491 (11th Cir. 2015), the Court will dismiss this action for failure to state a claim because Plaintiff's claim is conclusory and would be subject to dismissal even if the Complaint were not barred by *Younger*. Plaintiff's false arrest claim will not accrue until his criminal case terminates in his favor. *See Heck v. Humphrey*, 512 U.S. 477, 490 (1994). Thus, dismissal of this action is without prejudice, and Plaintiff may refile his claim at the appropriate time.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED** without prejudice.
2. The Clerk of Court is directed to **CLOSE** this case.

---

[1] The Court may take judicial notice of the online docket in Plaintiff's state criminal case pursuant to Federal Rule of Evidence 201. *See Boyd v. Georgia*, 512 F. App'x 915, 917 (11th Cir. 2013). The online docket is available at https://court.martinclerk.com/Home.aspx/Search (search case number "2024000087CF").

Case No. 24-cv-14184-BLOOM

3. To the extent not otherwise disposed of, all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 24, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Kevin Lamont Hamilton, *PRO SE*
836937
Martin County Jail
Inmate Mail/Parcels
800 SE Monterey Road
Stuart, FL 34994